The Pit. declares upon an Ind. Ass. for £2.2. 9. & 837lbs. Tob’o due by Intestate Syme to the Testator Clopton
The Deft, pleads that Clopton made his last Will & Test in Writing & appointed Syme one of his Ex’ors which said Win was proved as the Law directs to be the last Will of Clopton ill the Court of New Kent by pretext & reason whereof the said Syme was discharged of his said Debt And prays Judgment if Action
They also plead nil debet & non Ass. infra 5 annos. Upon these two last pleas there were issues & a Dem’r to the first
Upon arguing the Dem’r the County Court was of Opinion that the plea was not sufficient to bar the Pits. Action And upon the issues the Jury found for the Pits. ;£9. 2. SH dam’s The Defts. have Appealed
The only question here is whether the Defts. plea be a good bar And I hope to shew it is not either for the matter or the manner of it The matter of the Plea is shortly this. That Pits, tes’tor made a Will & appointed Defts. Intest, one of his *B139 Ex’ors And that the Will was proved to be the Will of the Tes’tor in due form of Law.
It is insisted that this making the Intest, an Ex’or is a discharge of the Debt.
It is a common doctrine that where the Debtee makes his Debtor Ex’or the Debt is extinguished But this rule is liable to several exceptions As 1. where the Ex’or dies before he proves the Will 2. Where the Exor refuses before the Ordinary For the rule of Law is founded on these reasons 1. that a man cannot sue himself 2. that the same hand being both to receive & pay it amounts to an Extinguishm’t Which reasons do not hold where the Ex’or dies before he prooves the Will or where he refuses
The making the Debtor Ex’or amounts to paiment & a release but if the Debtor will not accept the Ex’orship it can have no operation for You cant force a man to accept a Rel. ag’st his Will per Holt Sal. 307.
Here it does not appear that Syme proved the Will or ever Administered the fact must be taken as it stands upon the pleadings It is only sayed that Syme was appointed an Ex’or & that the will was proved in due form but it is not sayed that Syme proved it. A Will may be proved per testes & yet the Ex’or refuse If Syme did not prove the Will he was not the person intitled to receive & so falls not within the reason of the rule of a Debtee making his Debtor Ex’or amounting to a Rel.
[129] Obj. But here Syme was only an Ex’or with others And tho’ it be not pleaded that the other Ex’or proved the Will it appears sufficiently by the Record the Pit. suing as Ex’trix. And where the Debtor & others are made Ex’ors & the other Ex’or proves the Will but the Debtor does not the Debt is extinguished So it is if the Debtor refuse & die before the other Ex’ors for he might come in notwithstanding this refusal
All which must be admitted And if it appeared to the Court that the Will proved by the Pit. & the Will mentioned in the Plea wherein Svme was appointed Ex’or were the same the Argum’t would be conclusive but I conceive it does not
This Case as I have sayed must be taken as it stands upon the pleadings The Plea is no more than that Clopton made a Will & Syme one of his Ex’ors & that that Will was proved
Now it will scarse be denied but that a Man may have two *B140 Wills & several Ex’ors Cur. Went. 12. Which appears by the Case of Kitchen & Bassett 2. Sal. 592.
It is not pleaded that the Will wherein Syme was appointed Ex’or was the same Wiil proved by the Pit. Or that it was proved by any other of the Ex’ors And if the Will was not proved by any other of the Ex’ors It is no Rel. or extinguishm’t
When men will make use of such extraord’ry methods to avoid the paim’t of a just debt it can’t be thought hard to hold them to the greatest strictness in pleading Here the Deft should have craved Oyer of the Probate & then have pleaded that Syme & the Pit. were both made Ex’ors And then the matter would have appeared clearly & judicially to the Court
It is possible there might be two Wills The fact cannot now be enquired into but Your Honours will judge upon the pleadings
It shews an extraordinary temper of litigiousness in the Deft, to contest this matter for even tho’ the debt should not be recoverable at Law Yet in Equity it will indisputably be subject to Cred’rs or even Legatees in some cases Here there are Creditors unsatisfied.
What is meant by the debts being extinguished is no more than that an Action will not lie to recover for it is Assets in the hands of the Ex’or & as such liable to the Tes’tors debts And that is the reason Holt says it amounts to paiment & a rel.
The Case of Wankford & Wankford 1. Sal. 299. where all the learning on this head is collected was no more than this The Obligee made the Obligon Exor who Adm’rd part of the Tes’tors Goods but never proved the Will & died The Action was brought ag’st the Heir of the Obligor who pleaded this matter And it was adjudged that [130] the debt was extinguished tho’ the Will was not proved because the Ex’or had Adm’rd & so had put it out of his power to refuse
But here Syme never Administ’red.
Judgm’t affirmed.